NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
ST. CROIX DIVISION

K. Glenda CAMERON, Esq., et al.,

      Plaintiffs,

v.

Lee J. ROHN, Esq., et al,

      Defendants.

Civ. No. 10-126

OPINION

THOMPSON, U.S.D.J.

This matter has come before the Court on attorney Lee. J. Rohn, Esq.'s ("Rohn") objection to, and appeal from [docket #100], Magistrate Judge Ruth Miller's Memorandum and Order [91], which disqualified Rohn and the law firm of The Law Offices Rohn and Carpenter, LLC ("Rohn & Carpenter") from representing The Law Offices of Rohn and Cameron, LLC ("The Law Offices of Rohn & Cameron")[1]. Plaintiff K. Glenda Cameron, Esq. ("Cameron") and K. Glenda Cameron, P.C., individually and as a member of The Law Offices of Rohn and Cameron, LLC (collectively, "Cameron Plaintiffs" or "Plaintiffs") oppose this motion [126]. For the following reasons, Rohn's objections and appeal will be denied.

I.    BACKGROUND

The Court assumes that the parties are familiar with the underlying facts of this case. This dispute arises out of the relationship between former law partners, Cameron and Rohn. The Cameron Plaintiffs allege various violations of territorial and federal law by Rohn and numerous business entities controlled by Rohn.

---

[1] The Law Offices of Rohn & Cameron was owned by the artificial entities K. Glenda Cameron, P.C. and Lee J. Rohn, P.C. For ease of discussion, the Court may refer to Cameron and/or Rohn throughout this Opinion as though they individually were members of The Law Offices of Rohn & Cameron.

1

On November 17, 2011, United States Magistrate Judge Ruth Miller granted Plaintiffs' motion to disqualify attorney Rohn and her current law firm, Rohn & Carpenter, from representing The Law Offices of Rohn & Cameron in the above captioned case. Judge Miller reasoned that, pursuant to ABA Model Rule of Professional Conduct 1.7,[2] "a potential conflict exists between [The Law Offices of Rohn & Cameron] and the other [D]efendants, as each is seeking to end up with the same slice of financial pie." (Mem. and Order of Nov. 17, 2011, at 10). More importantly, "Attorney Rohn could conceivably work harder to establish facts showing nothing of value was owned by [The Law Offices of Rohn & Cameron] (where [Rohn] would only be entitled to a 70% share for certain years), and all the valuable assets are owned by other Rohn entities (in which she has a 100% share)." (*Id.*, at 10–11). This would interfere with "a zealous defense" for The Law Offices of Rohn & Cameron when compared to the other Defendants. (*Id.*, at 11). In addition, Judge Miller ruled that Rohn could not alone give consent on behalf of The Law Offices of Rohn & Cameron under Model Rule 1.13(g) considering the circumstances of this case—consent of the Cameron Plaintiffs is also required. Ultimately, "Rohn must separate the role she will play as client, owning the controlling interest and being empowered to make litigation decisions on behalf of multiple entities, from that she occupies as attorney on behalf of [The Law Offices of Rohn & Cameron], which carries with it ethical obligations that may be at odds with her self-interest." (*Id.*).

II. **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 72(a), a party may serve and file objections to an order issued by a magistrate judge on a non-dispositive motion. Pursuant to the local rules of the District of the Virgin Islands, a party objecting to the magistrate judge's ruling must "specifically designate the

---

[2] The Model Rules of Professional Conduct of the American Bar Association ("Model Rules") govern practicing attorneys' professional conduct in the Virgin Islands. *See, e.g. VECC, Inc. v. Bank of Nova Scotia,* 222 F. Supp. 2d 717, 719 (D.V.I. 2002) (citing L. Civ. R. 83.2; *Brice v. HOVIC,* 769 F. Supp. 193, 194 (D.V.I. 1990)).

2

order or part thereof objected to and the basis for the objection." L. Civ. R. 72.2(a). A district court may then modify or set aside any part of the order, but only if that portion of the order is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 (3d Cir. 2009) (citation omitted). The party filing objections bears the burden of establishing that the magistrate judge's order was clearly erroneous or contrary to law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). Under the "clearly erroneous" standard, a factual finding by a magistrate judge may be set aside "only if the court has the definite and firm conviction that a mistake has been committed." *Haines*, 975 F.2d at 92 (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion, on the other hand, is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." *Clarke v. Mariot Int'l, Inc.*, No. 08-86, 2010 U.S. Dist. LEXIS 40813, at *8 (D.V.I. Apr. 23, 2010) (quoting *Benjamin v. Esso Standard Oil Co.*, No. 09-17, 2009 U.S. Dist. LEXIS, at *6 (D.V.I. Aug. 18, 2009)).

### III. MODEL RULES

Generally speaking, a district court has wide discretion in fashioning an appropriate remedy for the violation of an attorney disciplinary rule. *See IBM v. Levin*, 579 F.2d 271, 279 (3d Cir. 1978). Disqualification, however, "is a harsh measure." *Jackson v. Rohm & Haas*, No. 05-4988, 2008 U.S. Dist. LEXIS 65632, at *5 (E.D. Pa. Aug. 26, 2008). "Because motions to disqualify seek to deprive the opposing party of their counsel of choice, and may be motivated by tactical concerns, they are generally not favored." *Id.* (citations omitted). But, disqualification of an attorney is an appropriate remedy when, "on the facts of a particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). In making this determination a

district court "should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions." *Id.* (citing *United States ex rel. Sheldon Elec. Co. v. Blackhawk Heating & Plumbing Co.*, 423 F. Supp. 486 (S.D.N.Y.1976); *Baglini v. Pullman, Inc.*, 412 F. Supp. 1060 (E.D. Pa.1976), *aff'd*, 547 F.2d 1158 (3d Cir. 1977)).

Model Rule of Professional Conduct 1.7 provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

MODEL RULES OF PROF'L CONDUCT R. 1.7. A lawyer's disqualification from representing a client under Model Rule 1.7 may be imputed onto other lawyers associated with the same firm as the disqualified attorney. MODEL RULES OF PROF'L CONDUCT R. 1.10.

In order for informed consent to be given under Model Rule 1.7(b)(4), "each affected client [must] be aware of the relevant circumstances and of the material and foreseeable ways that the conflict could have adverse effects on the interest of that client." MODEL RULES OF PROF'L CONDUCT R. 1.7, cmt. 18 (citing MODEL RULES OF PROF'L CONDUCT R. 1.0(e)). In the

4

context of artificial entities, informed consent is further governed by Model Rule 1.13, which provides in pertinent part:

> (a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.
>
> . . .
>
> (g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7. If the organization's consent to the dual representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization, other than the individual who is to be represented, or by the shareholders.

MODEL RULES OF PROF'L CONDUCT R. 1.13.

### IV. ANALYSIS

After considering the parties' submissions, the Court will reverse Judge Miller's Memorandum and Order disqualifying Rohn and her law firm, Rohn & Carpenter, from representing The Law Offices of Rohn & Cameron. The quintessence of Judge Miller's Memorandum and Order is that, assuming that Cameron was a 30% equity owner in The Law Offices of Rohn & Cameron during the time in question, it is in Rohn's interest to establish facts in this case showing that other Rohn-controlled entities were the true owners of the disputed assets rather than The Law Offices of Rohn & Cameron. Rohn seeks to avoid this problem by arguing that she is now the sole owner of The Law Offices of Rohn & Cameron as a result of Cameron's withdrawal in 2008. As such, Rohn argues, the interests of The Law Offices of Rohn & Cameron and all other Defendants are uniform. The Court believes, however, that both the contentions of the parties and the basis for the Magistrate Judge's ruling are not critical to the pending motion. The only substantive count against The Law Offices of Rohn & Cameron contained in the Amended Complaint is count one, which seeks redress for a civil rights violation. The allocation of assets between the numerous Rohn-controlled entities and The Law Offices of Rohn & Cameron is not material to this particular count.

The first issue for this Court to determine is whether a concurrent conflict exists under Model Rule 1.7. Pursuant to subsection (a)(2) of this rule, a concurrent conflict exists in this case if "there is a significant risk that the representation of [The Law Offices of Rohn & Cameron] will be materially limited by [Rohn's] responsibilities to another client, . . . or a third person or by a personal interest of the lawyer." MODEL RULES OF PROF'L CONDUCT R. 1.7(a)(2).

Count one of the Amended Complaint alleges that Rohn, Rohn P.C., and The Law Offices of Rohn & Cameron discriminated against Cameron on the basis of her employment contract. (Compl. ¶¶ 122–131). The interests of all three of these Defendants are uniform in defending against this count. Even if Rohn has a vested interest in establishing that assets of The Law Offices of Rohn & Cameron actually belonged elsewhere, this would not affect any defense put forth by the Defendants under count one. Therefore, Rohn and her current law firm would not be conflicted out of representing The Law Offices of Rohn & Cameron under Model Rule 1.7(a). *See Abulkhair v. New Century Fin. Servs., Inc.*, No. 10-6161, 2011 U.S. Dist. LEXIS 87395, at *4 (D.N.J. Aug. 5, 2011) (refusing to disqualify attorney solely because licensed attorney was a member of the corporation being sued).

The other count in the Amended Complaint dealing with The Law Offices of Rohn & Cameron is count twelve, which is a petition for a judicial dissolution of The Law Offices of Rohn & Cameron pursuant to 13 V.I.C. § 1801. A petition seeking the judicial dissolution of an LLC, however, is not adversarial in nature *vis-à-vis* the LLC itself; an LLC does not have an independent interest apart from its members' in perpetuating its existence or enforcing its rights. For example, 13 V.I.C. § 2101 provides that members may bring a right of action on behalf of the company if the controlling members refuse to do so. The LLC itself, however, is nowhere permitted under Virgin Islands law to initiate claims without intervention by a member of the

6

LLC. Thus, the petition for judicial dissolution is ultimately directed toward Rohn, the other member of the LLC.

Plaintiffs have not put forth any theory in this case whereby The Law Offices of Rohn & Cameron would be liable for the misappropriation of funds or other similar acts. In such a case, disqualification would almost certainly be warranted due to the fact that The Law Offices of Rohn & Cameron would be in a situation to cross-claim against one of the Rohn-controlled Defendants. Here, however, the Court does not see how petitioning for a judicial dissolution would cause The Law Offices of Rohn & Cameron to have any rights independent from those of its members. The Law Offices of Rohn & Cameron is simply the conduit through which the members sought to conduct business; it has no mind of its own. If The Law Offices of Rohn & Cameron did have an independent interest on the facts of this case—which it does not—this interest would likely be aligned with Rohn's. Cameron, by operation of the Notice of Dissociation, is no longer a member of the LLC. *See* 13 V.I.C. § 1601(1). Thus, if Plaintiffs' goal in seeking judicial dissolution is the payment of their distributional interest but The Law Offices of Rohn & Cameron otherwise wished to perpetuate its existence, The Law Office of Rohn & Cameron's interest would be in minimizing this alleged liability—the same interest Rohn has in this case.

For these reasons, there is no concurrent conflict by the representation of The Law Offices of Rohn & Cameron by Rohn. As a result, Magistrate Judge Miller's Memorandum and Order will be reversed.

7

Therefore, it is on this 30th day of January, 2012

ORDERED that Defendant's Objection to, and Appeal From, the Magistrate Judge's Ruling [100] is hereby GRANTED; and it is

ORDERED that Lee J. Rohn, Esq. and the Law Offices of Rohn and Carpenter, LLC are permitted to act as counsel for the Defendant The Law Offices of Rohn and Cameron, LLC, until such later time that disqualification may be warranted.

ANNE E. THOMPSON, U.S.D.J.