IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| K.GLENDA CAMERON, ESQ., K. GLENDA CAMERON, P.C., individually and as a Member of the LAW OFFICES OF ROHN AND CAMERON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LEE J. ROHN, ESQ., LEE J. ROHN, P.C., Individually and as a Member of THE LAW OFFICES OF ROHN AND CAMERON, LLC, LAW OFFICES OF ROHN AND CARPENTER, LLC, LAW OFFICE OF LEE J. ROHN, LLCE, MARYFAITH CARPENTER, ESQ., JAMES T. CARNEY, PLLC, THE ESTATE OF JAMES T. CARNEY, NLR COTTON VALLEY TRUST, ABC TRUST, JOHN DOES 1-15, UNKNOWN TRUST 1-10,<br><br>Defendants. | CASE NO. 2010-126 |

**REPORT AND REOCMMENDATION ON MOTION TO
QUASH SERVICE ON DEFENDANTS ABC TRUST AND
NLR COTTON VALLEY TRUST**

On April 29, 2011, Lee J. Rohn, Esq. was personally served with a summons and complaint on behalf of ABC Trust, in her alleged capacity as the agent for the ABC Trust (ECF 24), and on behalf of NLR Cotton Valley Trust, in her alleged capacity as the Agent/Settlor

*Cameron, Esq., et al. v. Rohn, Esq., et al.*
Civil No. 2010-126
Page 2

of that Trust (ECF 29). Rohn moves to quash service[1] on ABC Trust and on Cotton Valley Trust (collectively, the "Trusts"), contending that plaintiffs have failed to establish (1) that the Trusts are entities that can sue and be sued without naming their trustees as the real party in interest, and (2) that proper service has not been effectuated on the Trusts because she is neither the trustee nor the agent for either Trust.[2]

Plaintiffs oppose the motion on two bases. First, plaintiffs contend that even if Rohn were not the trustee of either Trust, she can be considered the agent "because Plaintiffs properly alleged defendant Lee J. Rohn's involvement as someone who created defendant [sic] ABC Trust and NLR Cotton Valley Trust from settlement proceeds belonging to Rohn & Cameron, LLC . . . ."[3] Second, plaintiffs contend that if Rohn is not the trustee of either Trust, then only the "real" trustees have standing to challenge service of process on the Trusts, and not Rohn.

---

[1] Challenges to irregularities in the service of the summons and the complaint are properly asserted under Rule 12(b)(5) of the Federal Rules of Civil Procedure. *Lau v. Change*, 415 F. Supp. 627, 630, n. 3 (E.D. Pa. 1976) (citing 5 Wright and Miller, Federal Practice and Procedure: Civil § 1353 at 577-80 (1969)).

[2] Motion to Quash (ECF 127), p. 2.

[3] Plaintiffs' Opposition (ECF 147), p. 4.

*Cameron, Esq., et al.   v. Rohn, Esq., et al.*
Civil No. 2010-126
Page 3

## DISCUSSION

### A. Standing to Bring This Motion

"A person served as agent has standing to move to set aside service if he is not an agent."[4]  In *Howell v. Kennecott Copper Corp.*, the court granted the motion to quash, after plaintiff failed to establish that the purported agent was Kennecott Copper Corporation's agent, and the United States Court of Appeals for the Third Circuit affirmed.[5]  Likewise, the Court finds that Rohn has standing to bring this motion, having been served as the alleged agent for the Trusts.

### B. Quashing of Service

Rohn cites various sections of the Restatement (Second) of Trusts (1959) in support of her contention that the trustees of the Trusts are the real parties in interest to this action, and not the Trusts.[6]  Notwithstanding Rohn's contention, the Restatement (Third)

---

[4]  *Howell v. Kennecott Copper Corp,* 21 F.R.D. 223, fn. 1 (E.D. Pa. 1957) (citing *Stetson China Co. v. D.C. Andrews & Co.,* 9 F.R.D. 135, 141 (N.D. Ill. 1948); *see also Malle v. Caicos Beach Club Charter, Ltd.*, 258 F.R.D, 533, 542-43 (S.D. Fla. 2009)(finding that a person served as agent has standing to file a motion to quash service of process when that person is not the agent).

[5] *Howell v. Kennecott Copper Corp.*, 258 F.2d 964 (3d Cir. 1958).

[6] Restatement (Second) Trusts §§ 178, 192, 280, & 281 (1959).  In the Virgin Islands, courts apply the common law as expressed in the Restatement approved by the American Law Institute, in the absence of local law to the contrary.  V.I. CODE ANN. tit. 1, § 4.

*Cameron, Esq., et al. v. Rohn, Esq., et al.*
Civil No. 2010-126
Page 4

of Trusts § 2, comment a, provides that "modern common-law and statutory concepts and terminology tacitly recognize the trust as a legal 'entity'. . . ."[7]

Relying on Federal Rule of Civil Procedure 4(h)(1),[8] Rohn contends that because she is neither the trustee nor the agent of the Trusts, service of process upon her on behalf of the Trusts is improper. While Rule 4(h)(1)does not specifically provide for service upon a trust, it has been interpreted broadly to apply to such persons as joint venture members and a court-appointed master, and such entities as labor unions and political associations.[9] Further, Rule 4(h)(1)(A) states that service may be effected as prescribed in Rule 4(e)(1), which provides for service upon an individual in accordance with the state law of the state "where the district court is located or where service is made." The Virgin

---

[7] See *Emerald Investor Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 199 (3d Cir. 2007)(pointing out that while Rule 17(a)of the Federal Rules of Civil Procedure provides "that a trustee of an express trust 'may' sue in its own name without joining the trust as a plaintiff, the rule does not require that he do so and does not provide that an express trust cannot sue in its own name"). The Court questions Rohn's standing to maintain this argument in light of her contention that she is neither the trustee nor the agent of either Trust, but finds that it is not necessary to decide this issue to address the pending motion.

[8] Rule 4(h)(1)of the Federal Rules of Civil Procedure provides for service upon a corporation, partnership or unincorporated association that is subject to suit under a common name, "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive of process. . . ." Fed. R. Civ. P. 4(h)(1).

[9] See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1105, at 602-05 (3d ed. 2002).

*Cameron, Esq., et al.   v. Rohn, Esq., et al.*
Civil No. 2010-126
Page 5

Islands has not enacted a separate statute governing service on trusts, and relies instead upon Rule 4 of the Federal Rules of Civil Procedure.[10] The parties did not supply any authority, and the Court has found none, in support of the proposition that any provision other than Rule 4(h)(1) governs service of process upon a trust. All parties agree that this provision controls. The Court therefore concludes that to be valid service, plaintiffs must have effectuated service upon the Trusts in accordance with Rule 4(h)(1).

"'When sufficiency of process is challenged, the party asserting the validity of service bears the burden of proof.'"[11] Specifically, "'[a] plaintiff bears the burden of proving that 'an alleged agent has specific authority, express or implied, for the receipt of process.'"[12] Plaintiffs contend that "nothing in the . . . language of Rule 4[(h)(1)] requires that a trustee of a trust be served to effect service[,]" but argue that Rohn should be considered an agent of the Trusts, and thus the appropriate person upon whom to serve process:

---

[10] See V.I. Sup. Ct. R. 27(b).

[11] *West v. American Honda Motor Company,* 2008 U.S. Dist. LEXIS 72343, at *10 (D.C. NJ Aug. 28, 2008) (citations omitted).

[12]  *West*, 2008 U.S. Dist. LEXIS 72343 at *12 (quoting *Zoning Bd. Of Adjustment of Sparta Tp. v. Service Elec. Cable,* 487 A.2d 331, 335 (N.J. Super. Ct. App. Div. 1985)).

*Cameron, Esq., et al.  v. Rohn, Esq., et al.*
Civil No. 2010-126
Page 6

> The facts here demonstrate that Lee J. Rohn in fact moved the court to create a trust.  Lee J. Rohn is intimately aware of all the facts surrounding both defendant trusts.  Defendant Rohn seemingly supervised the creation, operation, and continued existence of both trusts.[13]

These statements standing alone are not sufficient to establish that Rohn has express or implied authority to accept service on behalf of the Trusts, or that she is the proper person to accept service on their behalf.  The Court therefore finds that plaintiffs have not met their burden to prove that service on the Trusts was valid.[14]  Accordingly, it is hereby RECOMMENDED that Rohn's motion to quash be GRANTED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  28 U.S.C. Section 636(b)(1); LRCi 72.3

S\_____
**RUTH MILLER**
United States Magistrate Judge

---

[13] Plaintiffs' Opposition (ECF 146), p. 3-4.

[14] Plaintiffs suggest that if the Court finds that service of process upon Rohn was not proper, then the Court should postpone its decision until after the plaintiffs have been afforded an opportunity "to commence jurisdictional discovery since Defendant Lee J Rohn has failed to provide information about the identity of the trustee or the proper person to be served."  Plaintiffs' Opposition (ECF 147), p. 4.  The information plaintiffs seek is not the type of information obtained by way of jurisdictional discovery, which is limited to an inquiry to establish whether a court has personal jurisdiction over a party, *Renner v. Lanard Toys*, Ltd., 33 F3d 277, 283-84(3d Cir. 1994), or subject matter jurisdiction of an action. *Rubin v. Buckman*, 727 F.2d 71, 73 (3d Cir. 1984).